Filed 7/26/23  P. v. Felix CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081620 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF017408) |
| FABIAN FELIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, F. Paul Dickerson, III, Judge.  Reversed and remanded.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Fabian Felix appeals the denial of his motion for a youth offender evidence preservation proceeding pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). The parties agree that the case must be remanded for a *Franklin* proceeding.

In 2010, Felix was convicted of first-degree murder with special circumstances and sentenced to life without the possibility of parole. After the special circumstances were reversed on appeal, he was resentenced to 50 years to life. Both the original sentencing and the resentencing occurred before the Supreme Court decided *Franklin* in 2016. In *Franklin*, the Supreme Court held that defendants eligible for a future youth offender parole hearing under Penal Code[2] section 3051 are entitled to make a record of mitigating evidence tied to their youth to preserve it for use at such a future parole hearing. (*Franklin*, *supra*, 63 Cal.4th at pp. 283–284, 286.) "Broadly speaking, a *Franklin* proceeding allows youth offenders sentenced to long prison terms an opportunity to introduce into the record mitigating evidence relating to their youth." (*People v. Howard* (2021) 74 Cal.App.5th 141, 145.)

The record here does not include evidence related to Felix's status as a youthful offender because he did not present youth-related mitigating evidence at his sentencing hearings, and he also declined to provide a statement or social history when interviewed by police. In 2018, after *Franklin* was decided, Felix filed a motion requesting a *Franklin* proceeding

---

[1]    We resolve this case by memorandum opinion because it "is determined by a controlling decision which does not require a reexamination or restatement of its principles or rules." (Cal. Stds. Jud. Admin., § 8.1(2).)

[2]    All further statutory references are to the Penal Code.

pursuant to section 1203.01, which was denied. In 2023, Felix moved the trial court to reconsider his *Franklin* motion, which the court summarily denied without explanation.[3]

The parties agree that Felix satisfies the criteria for such a proceeding laid out in *In re Cook* (2019) 7 Cal.5th 439 (*Cook*), as he is eligible for a youth offender parole hearing under section 3051, subdivision (b)(3), and he did not previously have an opportunity to present pertinent youth-related evidence. The parties also agree that Felix is entitled to an opportunity to make an accurate record of his "characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors," and he may seek the post-judgment remedy of a *Franklin* proceeding even though his sentence is otherwise final. (*Franklin*, *supra*, 63 Cal.4th at p. 284; *Cook*, at p. 451.)

We agree with the parties and accept the People's concession. Accordingly, we reverse the trial court's order denying reconsideration of Felix's request for a *Franklin* proceeding and remand the matter for further proceedings.

---

[3] Felix previously filed a petition for writ of habeas corpus seeking the relief he seeks on appeal here, which we denied as procedurally barred while this appeal was pending.

DISPOSITION

The trial court's order denying Felix's motion to reconsider his previous request for a *Franklin* proceeding is reversed, and the matter is remanded with directions that the court conduct a *Franklin* evidence preservation proceeding.

BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.